**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JESUS PATINO-ROJAS,

                Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

                Respondent.

No. 06-70086

Agency No. A095-406-724

MEMORANDUM[*]

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

    Jesus Patino-Rojas, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") orders dismissing his appeal from an

immigration judge's ("IJ") removal order and denying his motion to reopen and

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of motions to reopen or reconsider, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005), and review de novo claims of due process violations in immigration proceedings, *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Patino-Rojas failed to show exceptional and extremely unusual hardship to a qualifying relative. *See id*.

Patino-Rojas' contention that the IJ violated due process by failing to admit Dr. Agorio's medical report is not supported by the record. Patino-Rojas' contention that the IJ violated due process by failing to allow Dr. Agorio to testify telephonically is unavailing where Patino-Rojas has not shown that the testimony would not have been cumulative. *Cf. Kaur v. Ashcroft*, 388 F.3d 734, 737 (9th Cir. 2004) (finding due process violation where there was no substitute for the excluded oral testimony). In addition, Patino-Rojas' contention that the IJ was biased is not supported by the record. *See Hassan v. INS*, 927 F.2d 465, 469 (9th Cir. 1991) (the factual record adequately supported the denial of petitioner's relief application, and the IJ's conduct had no bearing on the outcome).

06-70086

The BIA did not abuse its discretion by denying Patino-Rojas' motion to reopen because the BIA considered the evidence Patino-Rojas submitted and acted within its broad discretion in determining that the evidence was insufficient to establish prima facie eligibility for cancellation of removal. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

The BIA did not abuse its discretion in denying Patino-Rojas' motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(i); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1180 n. 2 (9th Cir. 2001) (en banc).

Patino-Rojas' remaining contention is unavailing.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**